IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATHANIEL TRAMEL**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 3:22-CV-174-GHD-DAS**

**KILOLO KIJAKAZI, COMMISSIONER
OF SOCIAL SECURITY**     **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

On January 3, 2023, the plaintiff Nathaniel Tramel filed a motion for reconsideration of the court's December 29, 2022 Order Denying Application to Admit Counsel *Pro Hac Vice*. Docket 11. The court denied attorney Bryan Konoski's application to appear *pro hac vice* on the basis that he engaged in more than five (5) separate unrelated cases before the Northern and Southern Districts of the federal courts in Mississippi within the last twelve (12) months and is therefore prohibited from appearing in any additional cases. *Id*. (*see* L.U.Civ.R. 83.1(d)(7)(D). The plaintiff's motion for reconsideration asserts two arguments. First, he argues that the "five-case" limit is too restrictive given the limited number of attorneys handling federal social security appeals, and second, he argues Mr. Konoski did not "engage in" more than five cases within the last twelve (12) months.

This court recently considered Mr. Konoski's eligibility for *pro hac vice* admission in *Gonzalez v. Commissioner of the Social Security Administration*, no. 3:22-cv-260-MPM-RP (N.D. Miss.)[1]. In that case, the court identified the six cases in the Northern and Southern Districts in which Mr. Konoski appeared in the last twelve months, as well as the instant case in which his application was pending, and denied his application under Local Uniform Civil Rule 83.1(d)(7)(D). *Order Denying Application to Admit Counsel Pro Hac Vice*, *Gonzalez v.*

---

[1] Mr. Konoski's *pro hac vice* application in *Gonzalez* was filed on December 20, 2022. His application in this case was submitted on December 2, 2022. Docket 7.

*Commissioner of the Social Security Administration*, no. 3:22-cv-260-MPM-RP, (N.D. Miss. Dec. 22, 2022).

The plaintiff then filed a motion for reconsideration and argued – as he does in this case – that the five-case limit on *pro hac vice* admission was overly restrictive and prevented claimants from accessing the federal courts. The court held its "own docket belies this argument," citing "five (5) different resident attorneys, none of whom are listed on the National Association of Disability Representatives list" who regularly appear in social security appeals. *Order Denying Motion for Reconsideration of the Court's Denial of Counsel's Application for Pro Hac Vice Admission*, *Gonzalez v. Commissioner of the Social Security Administration*, no. 3:22-cv-260-MPM-RP, (N.D. Miss. Jan. 5, 2023). The court further found that the plain language of Local Rule 83.1(d)(7)(D) contemplates any case the attorney appeared in within the past twelve months, regardless of whether the case was *initiated* more than twelve months prior. *Id*. Accordingly, because Mr. Konoski's application disclosed only two of the six cases in which he appeared in the past twelve months, the court found his application was appropriately denied. *Id*.

The same outcome is warranted here. Rule 83.1(d)(7)(D) states an application "should be granted unless the court finds reasons to believe that […] the applicant has engaged in more than five (5) separate unrelated cases … before the Northern and Southern Districts of the federal courts of this state within the last twelve (12) months immediately preceding the appearance in question." As discussed in *Gonzalez*, the phrase "engaged in" encompasses the entirety of the litigation and does not limit an appearance merely to the date the action was initiated or the date counsel was admitted *pro hac vice*. Thus, the number of cases Mr. Konoski was required to disclose is not limited to only those that were initiated within the past twelve months or those in which his *pro hac vice* application was granted within the past twelve months.

Rather, Mr. Konoski was required to disclose "each proceeding in which [he] has filed an application to appear pro hac vice in this state within the preceding two years [and] the style and

number of each case…**in which [he] has appeared** as counsel pro hac vice within the immediately preceding 12 months, **is presently appearing** as counsel pro hac vice, or has pending applications for admission to appear pro hac vice." L.U.Civ.R. 83.1(d)(7)(D) and (d)(4)(G) and (H) (emphasis supplied). In his application, Mr. Konoski failed to identify all four of the six cases[2] he had engaged in in the twelve months preceding the date of his application – more than is permitted by this court's Local Rules. For these reasons, the Motion to Reconsider is **DENIED.**

**SO ORDERED**, this the 12th day of January, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Mr. Konoski engaged in the following six cases in the Northern and Southern Districts in the twelve months preceding his application in the instant action:

1. *Pulliam v. Commissioner*, civil action no. 3:22-cv-13-NBB-DAS
    - Pro hac vice application filed on January 27, 2022 [docket entry 5]; corrected application filed on February 16, 2022 [docket entry 7]; application granted on April 12, 2022 [docket entry 14].
2. *Washington v. Commissioner,* civil action no. 3:22-cv-30-RP;
    - Pro hac vice application filed on February 16, 2022 [docket entry 3]; application denied on March 21, 2022 [docket entry 9]; application granted on April 14, 2022 [docket entry 11].
3. *Reese v. Kijakazi*, civil action no. 4:21-cv-128-JMV;
    - Pro hac vice application filed on December 2, 2021 [docket entry 5]; application denied on January 20, 2022 [docket entry 12]; application refiled on May 4, 2022 [docket entry 21]; application granted on May 4, 2022 [docket entry 22].
4. *Miller v. Commissioner*, civil action no. 1:20-cv-382-FKB;
    - Pro hac vice application filed June 23, 2021 [docket entry 11]; application granted July 8, 2021 [text-only order]; Final Judgement entered on September 1, 2022 [docket entry 26]; Notice of Appeal filed October 2, 2022 [docket entry 27].
5. *Verret v. Commissioner*, civil action no. 1:21-cv-93-HSO-MTP;
    - Pro hac vice application filed June 22, 2021 [docket entry 7]; application granted June 23, 2021 [text-only order]; Final Judgement entered on August 3, 2022 [docket entry 20].
6. *Flood v. Commissioner*, civil action no. 3:20-cv-817-HTW-BWR;
    - Pro hac vice application filed February 4, 2021 [docket entry 6]; application granted February 5, 2021 [text-only order]; Final Judgment entered on September 12, 2022 [docket entry 26].

While some of these cases are no long pending, Mr. Konoski appeared in each of these six cases in the immediately preceding 12 months, and he was required to disclose this information on his application. However, the only cases he identified were *Pulliam v. Commissioner* and *Washington v. Commissioner*.